**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARIA E. NEGRON,

    Plaintiff,

v.   Case No: 6:21-cv-1009-CEM-LHP

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION TO TERMINATE PLAINTIFF'S DEPOSITION BASED ON DEFENDANT'S WITHHOLDING OF PLAINTIFF'S PREVIOUS STATEMENT RELATED TO THE CLAIM AT ISSUE IN THIS ACTION (Doc. No. 22)
>
> **FILED:** October 10, 2022
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Maria Negron moves the Court to enter an Order terminating Plaintiff's deposition for Defendant's failure to produce previous statements prior

to her deposition, pursuant to Federal Rule of Civil Procedure 26(b)(3)(C). Doc. No. 22. According to the motion:

> During Plaintiff's deposition on October 5, 2022, Defendant's Counsel disclosed, for the first time, that Defendant obtained a recorded statement from Plaintiff during the underlying claim, *prior* to the date of Defendant's coverage decision. Plaintiff requested "[a]ll audiotapes, recordings, and transcripts of any statement given by Plaintiff" in her First Request for Production. *See* **Exhibit A**, ¶ 7. Plaintiff also requested a copy of the claim file, and a privilege log for items withheld. *See* **Ex. A**, ¶ 3.
>
> Rather than producing any statements, or summaries, Defendant responded with boilerplate objections, and represented that none exist. *See* **Ex. A**, ¶ 7. The portions of Defendant's claim file, including summaries, created prior to Defendant's claim decision are presumed discoverable and should have been previously produced in response to discovery requests or with Rule 26 disclosures.
>
> . . . .
>
> Upon learning that Plaintiff's recorded statement and summaries created prior to Defendant's claim decision were withheld, Plaintiff's Counsel terminated the deposition pursuant to Rule 30(d)(3)(A).

*Id.* at 1–2. So, Plaintiff seeks "an Order terminating Plaintiff's deposition until Defendant produces Plaintiff's recorded statement, including summaries, and the remainder of its claim file created prior to Defendant's claim decision." *Id.* at 3. The motion complies with the Standing Order on Discovery Motions. *See* Doc. No. 11.

Defendant has not timely responded to the motion. *See id.* ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days

after the motion).   Accordingly, the Court deems the motion to be unopposed.  *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed).

Upon review, given the lack of opposition from Defendant, the Court finds the motion well taken.  *See id.*  *See also* Fed. R. Civ. P. 26(b)(3)(C), Fed. R. Civ. P. 30(d)(3).  Moreover, Federal Rule of Civil Procedure 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *see also* Fed. R. Civ. P. 26(b)(3)(C) and 30(d)(3)(C). While the rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), neither Defendant nor its counsel have presented any information or argument suggesting that those circumstances apply here.

Based on the foregoing, Plaintiff's Motion to Terminate Plaintiff's Deposition Based on Defendant's Withholding of Plaintiff's Previous Statement Related to the Claim at Issue in this Action (Doc. No. 22) is **GRANTED**, and it is **ORDERED** as follows:

1. Plaintiff's deposition is **TERMINATED** until the production of documents by Defendant as outlined herein.

2. On or before **November 1, 2022,** Defendant shall produce to Plaintiff Plaintiff's recorded statement, including summaries, and the remainder of its claim file created prior to Defendant's claim decision.

3. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned).

4. On or before **November 1, 2022**, counsel for Plaintiff and counsel for Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Plaintiff for the filing of the present motion. The parties shall file a joint notice of the amount agreed upon by **5:00 p.m. on November 2, 2022.** If the parties are unable to reach an agreement by that time, counsel for Plaintiff shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion. That motion shall be filed by **November 9, 2022**.

5. **Failure to comply with this Order may result in sanctions.** *See* Fed. R. Civ. P. 37(b)(2).

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2022.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties