# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARIA E. NEGRON,

        Plaintiff,

v.                                Case No:   6:21-cv-1009-CEM-LHP

GEOVERA SPECIALTY INSURANCE
COMPANY,

        Defendant

_____

## ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO SET ASIDE THE OCTOBER 18, 2022 COURT ORDER GRANTING PLAINTIFF'S MOTION TO TERMINATE PLAINTIFF'S DEPOSITION (DOC. NO. 23) AND MOTION TO RECONSIDER PLAINTIFF'S MOTION TO TERMINATE PLAINTIFF'S DEPOSITION (DOC. NO. 22) (Doc. No. 24)** |
| **FILED:** | **October 20, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On October 10, 2022, Plaintiff filed a motion titled "Motion to Terminate Plaintiff's Deposition Based on Defendant's Withholding of Plaintiff's Previous Statement Related to the Claim at Issue in this Action."   Doc. No. 22.   In the motion, Plaintiff sought an Order terminating her deposition due to Defendant's alleged non-disclosure of her previously recorded statement, pursuant to Federal Rules of Civil Procedure 26(b)(3)(C) and 30(d)(3)(A), and an Order compelling production of the remainder of Defendant's claim file created prior to Defendant's claim decision.   *Id.* at 1–3.

Defendant failed to timely respond to the motion, pursuant to the Court's Standing Order on Discovery Motions.   *See* Doc. No. 11 ¶ 5.   Accordingly, the Court deemed the motion to be unopposed.   *See id.*   And upon consideration, given the lack of opposition, on October 18, 2022, the Court granted the motion, and terminated Plaintiff's deposition until production of any recorded statement(s) and the remainder of the claim file prior to the claim decision.   Doc. No. 23.   The Court further ordered all of Defendant's objections waived based on the failure to timely respond to the motion to compel, and ordered the parties to meet and confer on the issue of attorney's fees to be awarded to Plaintiff for the filing of the motion.   *Id.* at 4.

Two days after the Court's Order issued, Defendant filed the above-styled motion for reconsideration.   Doc. No. 24.   In support, Defendant states that one of

its attorneys who has appeared in this case, Christina M. Flores, was out of the country from October 7, 2022 through October 18, 2022, with little to no access to the internet, counsel for Plaintiff was aware of this fact, but counsel for Plaintiff filed the motion to compel anyway.  *Id.* at 2, 4, 6.  *See also* Doc. No. 24-1.  Defendant further states that its "lead designated counsel was also out of state with little to no access to the internet the week that Plaintiff filed her motion," and that it has meritorious defenses to the motion to compel.  Doc. No. 24, at 3.  Defendant contends that because Plaintiff filed the motion to compel while Attorney Flores was out of the country, Defendant "did not have an opportunity to respond."  *Id.* at 4.  So, Defendant claims manifest injustice.  *Id.* at 6.

Plaintiff has filed a response in opposition, and Defendant has filed, in substance, a reply.  *See* Doc. Nos. 25–27.  Thus, the matter is fully briefed and ripe for disposition.  Upon review, Defendant's motion for reconsideration (Doc. No. 24) will be denied.[1]

Reconsideration of a court order is an extraordinary remedy that must be used sparingly.  *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814

---

[1] The Court notes Plaintiff's argument that the motion for reconsideration fails to comply with the Standing Order on Discovery Motions.  Doc. No. 25, at 3.  However, as Defendant argues, *see* Doc. No. 26, at 2, given that this is a motion for reconsideration, and not a discovery motion, the Standing Order on Discovery Motions does not apply.

F. Supp. 1072, 1072 (M.D. Fla. 1993).   "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'"   *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).   Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."   *Sussman*, 153 F.R.D. at 694.   *See also Stallworth v. Omninet Village, L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) ("Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice." (citing *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006), *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 F. App'x 879 (11th Cir. 2007)).

Here, Defendant does not argue that there was an intervening change in controlling law, or that newly discovered evidence justifies reconsideration of the Court's prior Order granting Plaintiff's motion to compel.   And the Court finds Defendant's assertions of manifest injustice unavailing.

Defendant's suggestion that one of its counsel was out of the country when Plaintiff filed the motion is unpersuasive.   Defendant has three (3) attorneys of record,[2] and court records reflect that the "Notice of Electronic Filing" for Plaintiff's motion went to no less than eight (8) email addresses on Defendant's behalf.[3] Defendant suggests that both "designated lead counsel" and Attorney Christina Flores were unavailable during the relevant time period.   Doc. No. 24 ¶ 7; Doc. No. 26.   But Defendant nowhere explains, nor does the docket reflect, who Defendant means by "designated lead counsel," Defendant does not expound on its statement that "designated lead counsel" was allegedly out of the state, nor does Defendant suggest that Plaintiff was aware of that fact.[4]   And again, Defendant has three (3) attorneys of record.

_____

[2] In response to the motion for reconsideration, Plaintiff suggests that "Ms. Judge may no longer be employed by Gordon Rees Scully Mansukhani."   Doc. No. 25, at 2 n.1. However, the docket does not reflect that Attorney Judge has withdrawn as counsel or is otherwise no longer associated with the case.

[3]        cflores@grsm.com,        dbeauchamp@grsm.com,        kmarsh@grsm.com, kwarrington@grsm.com,        rtucker@grsm.com,        TampaPleadings@grsm.com, tjudge@yerridlaw.com, cromano@yerridlaw.com.

[4] In the motion for reconsideration, Defendant cites to Attorney Flores' Affidavit as proof that "lead designated counsel" was unavailable during the time in question.   Doc. No. 24 ¶ 7 (citing paragraph 4 of the Affidavit).   But a review of Attorney Flores' Affidavit merely references Attorney Flores' own international travel and nowhere discusses any "lead designated counsel."   Doc. 24-1 ¶ 4.

Moreover, Defendant cites no legal authority demonstrating that the filing of a discovery motion while counsel is on vacation out of the country establishes manifest injustice, or that counsel's vacation constitutes excusable neglect in failing to comply with court deadlines. *See* Doc. No. 24. Indeed, absent further explanation, the Court finds the opposite to be true. *See, e.g.*, *Chebro v. Great Dane, LLC*, No. 3:19-CV-01495(VLB), 2020 WL 4499970, at *3 (D. Conn. Aug. 5, 2020) ("[C]ounsel's busy schedule, travel, and solo practice are not valid excuses for failing to comply with a court deadline . . . ."); *Airline Pros. Ass'n v. ABX Air, Inc.*, 109 F. Supp. 2d 831, 834 (S.D. Ohio 2000) ("An attorney's 'travel schedule' and 'length of time out of the office' are both circumstances reasonably anticipated in the legal profession, and the failure of an attorney to keep track of judgments and filing deadlines during a lengthy absence from the office does not constitute excusable neglect."). And notably absent from Defendant's filings is any suggestion that Plaintiff agreed to forego any filings in this case while Defendant's counsel was on vacation.[5]

---

[5] This is not to say that, accepting Defendant's allegations as true (allegations that Plaintiff does not dispute), the Court condones Plaintiff's counsel's conduct in this case. Indeed, filing a motion to compel with knowledge that opposing counsel will be out of the country and unable to respond is not what the Court would call practicing discovery "with a spirit of cooperation and civility" and with the expectation that counsel will accommodate opposing counsel's schedule. *See* Middle District Discovery (2021) §§ (I)(A)(1), (II)(A)(1). However, absent some sort of Court-approved stipulation by the

Because Defendant's motion fails to demonstrate a change in controlling law, newly discovered evidence, clear error, or manifest injustice, the motion for reconsideration (Doc. No. 24) is **DENIED**.   *See also Stallworth v. Omninet Vill., L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) (finding that a party's failure to timely serve discovery or respond to a motion to compel "due to alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief" of reconsideration); *Jacobs v. Hudson Real Est. Holdings, LLC*, No. 20-CIV-80911-RAR, 2021 WL 705785, at *3 (S.D. Fla. Feb. 23, 2021) (denying Rule 60(b) motion where the defendant relied on "mistake in calendaring the applicable deadlines, which came as a result of counsel's paralegal being on vacation, and counsel's juggling of responsibilities on multiple cases").

Given that the deadline for Defendant's production set forth in the Court's October 18, 2022 Order has now elapsed, Doc. No. 23, and presumably Defendant has complied with the production directives set forth therein, *see id.*, the parties may reschedule Plaintiff's deposition.

---

parties, *see id.* § (I)(A)(4), or some other justification for missing Court-ordered deadlines, the Court simply finds that Defendant's explanation fails to satisfy the manifest injustice standard.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties